USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FLORIBIO LARCIER,

                  Petitioner,

     - against -

UNITED STATES OF AMERICA,

                  Respondent.
------------------------------------X

**MEMORANDUM AND ORDER**

10 Civ. 3994 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Petitioner Floribio Larcier ("petitioner") currently incarcerated at Lebanon Valley Correctional Facility in Philpsburg, Pennsylvania, brings this *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, entered by this Court on December 16, 2008. Petitioner claims that he received ineffective assistance of counsel because his attorney ("counsel") failed to make a more forceful argument at sentencing for petitioner's safety valve eligibility under 18 U.S.C. § 3553(f) and U.S.S.G. §5C1.2, and failed to argue that petitioner's sentence violated his equal protection rights under the Fifth Amendment.[1] For the reasons set forth below, the petition is denied.

---

[1] Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2255 Motion to Vacat[e], Set Aside Or Correct Sentence ("Pet.") at 3, 9, 18-19.

## BACKGROUND

On July 9, 2008, petitioner pled guilty before this Court to participating in a conspiracy to distribute, and possessing with intent to distribute, more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Petitioner's plea was not pursuant to an agreement with the Government. On December 16, 2008, petitioner was sentenced by this Court to 120 months imprisonment, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

Petitioner filed a notice of appeal, after which his newly appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous issues for appeal and moving to withdraw as counsel. The Government then moved for summary affirmance, and on September 11, 2009, the Second Circuit granted both motions. Pet., Ex. A; U.S. v. Larcier, 07 Cr. 00308-NRB-7, Docket No. 142. Petitioner then filed the present motion, arguing that his counsel provided ineffective assistance at sentencing.

## DISCUSSION

### I. Standard of Review

Petitioner's ineffective assistance of counsel claim is analyzed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a "defendant claiming ineffective assistance must (1) demonstrate that his

counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 688, 693). "[T]he burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic*, 466 U.S. 648, 658 (1984).

To satisfy the "performance" prong, "the record must demonstrate that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted). "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. In carrying out this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 699.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir.

3

2001); *United States v. Reiter*, 897 F.2d 639, 645 (2d Cir. 1990).

## II. Analysis

### A. Petitioner's Safety Valve Argument

Petitioner claims that his counsel provided ineffective assistance of counsel "by failing to present a cogent and persuasive safety valve claim at sentencing." Pet. at 8. He contends that he had urged his counsel to argue for "his entitlement for safety valve relief," *id.*, but that counsel "presented no memorandum of law" on the issue and merely made an oral request for safety valve relief during the sentencing proceeding. *Id.* at 9. Petitioner claims that he was prejudiced by counsel's failure to more forcefully argue for safety valve relief because, without such relief, his sentence was allegedly greater than sentences received by similarly situated defendants. *Id.* at 17.

As explained below, petitioner fails to satisfy either prong of the *Strickland* ineffective assistance of counsel test.

#### 1. Performance

Far from falling below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688, counsel's decision to not more forcefully advance a safety valve claim reflected a calculated judgment to not pursue a futile argument. The safety valve provision, 18 U.S.C. § 3553(f), states that if certain

4

conditions are met, including that "the defendant . . . not have more than 1 criminal history point, as determined under the sentencing guidelines," *id.*, § 3553(f)(1), a defendant shall be sentenced without regard to an otherwise applicable statutory minimum. Petitioner does not contest that he had two criminal history points as a result of two prior convictions. *See* Pet. at 10 (stating that, in light of his prior convictions, § 3553(f)(1)'s criminal history requirement presents a "steep hurdle"). Rather, petitioner contends that his counsel should have tried to argue for safety valve eligibility by relying on the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 89 (2007), which held that district courts may deviate from the guidelines based on disagreements with the disparity between the guidelines' ranges for crack and powder cocaine offenses. *See* Pet. at 12-17.

Petitioner's reliance on *Kimbrough* is misplaced. *Kimbrough* did not state that district courts can ignore statutory sentencing requirements, but rather that courts can deviate from the advisory guidelines based on policy disagreements.[2] Here, petitioner faced a statutory mandatory minimum sentence of 120 months imprisonment; in order to be eligible for safety valve

---

[2] *Cf. United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008) ("It is not apparent to us that the principles set forth in *Kimbrough* have any application to mandatory minimum sentences imposed by statute.").

5

relief, petitioner had to satisfy the requirements set forth in 18 U.S.C. § 3553(f). As there is no dispute that petitioner did not satisfy §3553(f)(1)'s requirement that he have no more than one criminal history point under the guidelines, he was not safety valve eligible.[3]

Nevertheless, petitioner contends that a district court can grant a downward departure when calculating a defendant's criminal history score in order to permit safety valve eligibility. Pet. at 15. This argument cannot be reconciled with the language of the safety valve statute, which expressly links safety valve eligibility to a guidelines determination. *See* 18 U.S.C. § 3553(f)(1) (defendant's criminal history score is "determined under the sentencing guidelines.") Under the guidelines, even if a defendant with more than one criminal history point receives a downward departure that lowers his criminal history score to category I, the defendant remains ineligible for safety valve relief. U.S.S.G. § 4A1.3(b)(3)(B); see *U.S. v. Feaster*, 259 F.R.D. 44, 48-49 (E.D.N.Y. 2009) (even though criminal history category II "substantially over-

---

[3] *See United States v. Barrero*, 425 F.3d 154, 157 (2d Cir. 2005) ("The district court was plainly correct when it decided that it did not have the discretion to award [defendant] only one point under the Guidelines once it had determined, by the process provided by the Guidelines, that [defendant] had two such points. . . . [Defendant's] contention that the district court should have considered [the 18 U.S.C. § 3553(f)(1)] requirement to be advisory conflicts with the plain terms of the statute.").

represent[ed] . . . defendant's criminal history . . . the guidelines provision that any criminal history category adjustment otherwise authorized may not be considered in the context of safety valve eligibility is mandatory. . . .").

Given that petitioner had two criminal history points, counsel's performance on the safety valve issue was entirely reasonable. We further note that in spite of counsel's belief that petitioner was ineligible for safety valve relief, counsel, at petitioner's request, did in fact request that the Court treat petitioner as safety valve eligible:

> [Petitioner] has asked me to argue to your Honor that, notwithstanding his two convictions for DWI, that he remains safety valve eligible. And, in accordance with his request, I am asking your Honor to review each of the convictions, and we would respectfully request that you sentence him as if he were safety valve eligible." Sentencing Tr., Dec. 18, 2008, at 4:4-4:9.

In response, this Court inquired as to why counsel was raising this issue for the first time. Counsel explained that safety valve eligibility was an issue he had "discussed with [petitioner] at virtually every meeting" over the past year and that, while counsel believed that petitioner was not safety valve eligible, petitioner asked him to argue for a sentence as though he were. *Id.* at 5:20, 6:10-6:19. This Court responded that "[s]omeone with two criminal history points is not safety valve eligible. This is a statutory matter." *Id.* at 7:1-7:3.

While petitioner argues that counsel failed to "present a cogent argument" regarding safety valve eligibility, the argument was in fact presented to, and rejected by, this Court. Thus, even if counsel had been incorrect that petitioner was ineligible for safety valve relief, petitioner still could not show that counsel's performance was below an objective standard of reasonableness. In order to satisfy *Strickland's* performance prong, "the record must demonstrate that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009)(quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted). The record provides no support for such a finding in this case.

### 2. Prejudice

Even if petitioner could show that counsel's performance was unreasonable, he could not establish that he was prejudiced. Petitioner was sentenced to 120 months imprisonment - the minimum allowed by statute. Thus, petitioner cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[4]

---

[4] We note that petitioner's sentence of 120 months was 31 months below the minimum of the applicable guidelines range, as agreed to by the parties at sentencing. *See* Sentencing Tr., Dec. 18, 2008, at 3:16-3:23.

8

**B. Petitioner's Equal Protection Argument**

Petitioner contends that counsel provided ineffective assistance by failing to raise an equal protection argument at sentencing. The essence of petitioner's argument is that his sentence violates his Fifth Amendment equal protection rights because his co-defendants, as well as "similarly situated" defendants in other cases, received more lenient sentences. Pet. at 18-19, 21.

Petitioner's claim fails for a number of reasons, most fundamentally because counsel's decision to not raise a meritless equal protection argument was reasonable. When imposing sentences, district courts must consider "the need to avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). Here, none of the three co-defendants petitioner cites had more than one criminal history point, and thus all were safety valve eligible. In light of petitioner's ineligibility for safety valve relief, as well as the different roles that a number of the co-defendants played in the conspiracy, there was no unwarranted disparity, and petitioner's sentence does not raise equal protection concerns. *See United States v. Alvarez*, 29 Fed. Appx. 659, 662 (2d Cir. 2002) (rejecting defendant's equal protection challenge to sentence that differed from that of his co-defendants, and

9

citing safety valve eligibility as one reason for the differing sentences).[5]

Even if petitioner's equal protection arguments had merit, our "scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 699, and we find that counsel's focus on potentially viable arguments - such as his contention, ultimately rejected by the Court, that petitioner was entitled to a minor role adjustment under the guidelines (*see* Sentencing Tr., Dec. 18, 2008, at 4:10-4:15) - was reasonable.

At bottom, petitioner has no equal protection claim when he received the lowest possible sentence permissible by statute to any defendant in his position. Because petitioner cannot show that counsel's performance was unreasonable, or that petitioner

---

[5] Petitioner also compares his sentence to sentences imposed on other defendants in different cases, and contends that the Fifth Amendment entitles him to the same treatment as those received by other "similarly situated" defendants. *See* Pet. at 21-22. Insofar as petitioner's argument supports a distinct claim of ineffective assistance of counsel, we again find that petitioner cannot meet either prong of the *Strickland* test because, amongst other reasons, the difference between petitioner's sentence in this case, imposed pursuant to a statutory mandatory minimum, and the sentences of other defendants in different cases does not raise equal protection concerns. Counsel advocated for, and petitioner ultimately received, the minimum sentence permissible under the applicable statute.

was prejudiced by the alleged ineffective assistance, petitioner's claims fail to satisfy the *Strickland* test.[6]

## CONCLUSION

For the foregoing reasons, petitioner's motion is denied.[7] In addition, we certify that an appeal from this decision would not be take in good faith. *See* 28 U.S.C. § 1915(a)(3).

---

[6] We have also considered petitioner's additional claim that counsel provided ineffective assistance by failing to argue that the criteria for safety valve eligibility violate the requirement that sentencing courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* Pet. at 24-25 (quoting 18 § U.S.C. 3553(a)(6)). We reject petitioner's claim for the same reasons that we reject his claims regarding safety valve eligibility and equal protection, and also because "a district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only §3553(a)." *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009). "[Section] 3553(e) and § 3553(f) enumerate limited circumstances in which a district court may depart from a statutory minimum sentence." *Id.* at 111.

[7] On June 2, 2010, petitioner filed a request to proceed in *forma pauperis* and for an application for the Court to request counsel. In light of the Court's decision in this case, petitioner's application is moot. On October 7, 2010, petitioner filed a "Motion For Leave to Supplement Petitioner's Motion Pursuant to 28 U.S.C. § 2255," in which petitioner contends that his two convictions for driving while under the influence should have been excluded from his criminal history score. Petitioner's motion is denied because, under the guidelines, each conviction added one point to his criminal history score. *See* U.S.S.G. § 4A1.2 cmt. n.5 ("Convictions for driving while intoxicated or under the influence . . . are counted.").

11

Dated:  New York, New York
        October 18, 2010

                                                        NAOMI REICE BUCHWALD
                                                        UNITED STATES DISTRICT JUDGE

12